Staples, J.
It is unnecessary to decide the questions raised by the demurrer to the bill.- The case may be more satisfactorily disposed of upon the merits. .
The first point to be considered is, whether the complainant in the court below, and the appellee here, was entitled to a decree for an account. The ■ complainant offered no proof in support of his bill; no depositions were taken, or exhibits filed by him, except the account and report therewith, directed by the decree of the Court of appeals, of the transactions between complaiuant and his co-defendant, Anderson. These exhibits, whatever they may tend to prove, are not competent evidence against the county of Lee, or the defendants representing said county, neither they nor the high sheriffs were parties to the suit in which that account was taken, when the decree wras rendered directing such account; nor were they in aov manner interested in the subject matter of controversy as it then existed. The answer denying all the material allegations of the bill, and the latter being wholly unsustained, the court ought to have dismissed it at the hearing. This cannot be questioned unless it can be maintained that a court of equity may decree an account for the purpose of furnish *190 ing evidence in support of the allegations of a hill.
This court has repeatedly decided that an account should not be ordered in any case, unless shown to be proper and neeessarryby the pleadiugs and proofs in the cause. '
But conceding to the complainant the benefit of every fact appearing in the record, it is clear he is not entitled to any relief in a court of equity or elsewhere.
The motion in the name of the justices of the county of Lee, for the benefit of Preston, against Hubbard and the representatives of Gibson, the high sheriffs, was made in March 1845. This motion was based upon the delinquency of complainant'and his co-defendant Anderson in failing to collect and account for the levies of 1840, 1841 and 1842. Complainant was informed of the pendency of that motion, its object and the grounds upon which it was'based. He was fully aw'are then, of the groundlessness of the charge against him; for he told his principals (as he asserts,) that he, as deputy, had collected and paid over all the levies for the years mentioned. Why then did he not defend this motion? It was in effect his suit instituted in consequence of his default as deputy sheriff’.
If he was not in arrear ; if, as he now claims, the object was to coerce from him the payment of large sums for levies never made, the facts were susceptible of the clearest and most convincing proof by a simple examination of the records of the county. The high sheriff's could not he presumed to know anything of the transactions, or the state of the accounts, and were, therefore, in no condition to make a successful defence.
Judment having been rendered against Hubbard and the representatives of Gibson, upon this motion, they moved for judgment in a like amoimt, against complainant and Anderson, his co-deputy. Hpon this motion, complainant confessed judgment. He avers that he was induced to do so by the representations of his counsel, *191 -and the promises of the adverse party, that he would he ■held responsible so far only as he was actually in arrear. There is not in the record a scintilla of evidence to sustain these allegations.
It is difficult to perceive what defence he cOuld have made. In the proceeding by the high sheriff against him, it was not incumbent upon the former to do more than produce the record of the judgment showing he ■had been subjected to liability in consequeuce of the default of complainant as his deputy; and so soon as it was established that complainant was informed of the motion against his principal, and tailed to defend it, he would have been estopped to deny his delinquency or his liabilty.
Executions being sued out upon the judgment against complainant, he applied for and obtained an injunction from the Circuit court of Lee, stating the circumstances under which he had confessed the judgment, and alleging that so far from being in arrear to the county he was actually in advance of the levies made by the County . •court. In the progress of this suit, an 'account ivas taken, showing that complainant was in arrear the sum of •§1,505, upon the levies of 1840, 1841 and 1842, after allowing him all the'credits' claimed to the date of the .account. The commisssioner states that no objections were made by either party to .the mode adopted in stating the account or to the items therein contained. It is true that complainant excepted to the account at the hearing; but his exceptions were overruled and the report confirmed ; his injunction dissolved and the bill dismissed by the Circuit court of Lee county. Upon an appeal to the Court of appeals, that decree was in the year 1858’, affirmed so far as it affected the matters in controversy between complainant and his principals, the high sheriffs.
Under these circumstances, if the complainant has any claim to the relief he asks, it can only be upon the ground that there was error in the judgment against the *192 high sheriff, error in the judgment against Him, error in the decree dissolving his injunction, and error in the -decree of the Court of appeals. The hill is simply am appeal for relief, to a court of equity, from the judgmenj. 0p a courj¡ 0f common law of competent jurisdietion ; without an averment or proof of fraud, mistake, surprise, or other circumstances to justify the interposition-of a court of equity.
But throwing out of view these considerations, there are strong reasons for believing that no injustice has been done the complainant. The amount paid by him. after thb date of Commissioner Lane’s report, in discharge of the judgment against his principals was $1,711.23 ; but it is to be borne in mind that this sum included interest, damages, and costs,' for which complainant alone • was responsible. Taking; into the estimate the reported balance of $1,505, as found by Commissioner Lane, and the additional levy made in 1844 of $1,023.48, of which it is clear that complainant received the benefit, and with only part of which he was ever charged, it appears that. he had in his hands- funds of the county more than amply sufficient to meet the judgments recovered against, his principals.
Complainant’s .payments were made in 1847. Whatever cause of action he may have had against the-county of Lee arose in that year. lie is content, however, to wait nearly eleven years before instituting his • suit; until the justices who were most familiar'with the transaction had retired from the bench, and the difficul-' ties of ascertaining the true state of accounts were- ' greatly increased by the loss of papers and the death of witnesses. It seems to. me that the statute of limitation, if not the staleness of the demand, presents ail insuperable obstacle to a recovery in this' case* if there were no other difficulties to be encountered.
It is insisted, however; that complainant, having satisfied the judgment in Preston’s favor, is entitled to be-substituted to all the rights- and remedies of the latter.. *193 This pretension has scarcely a claim to serious consideration. Substitution is a remedy afforded by courts of equity to the surety, upon paying the debt of his principal. Complainant was not a surety for the county of Lee. He held in his hands funds belonging to the county, for which his principal was held liable; and latter, to the extent of that liability, had the right to resort to complainant for indemnity. It will not be gravely maintained that complainant, upon satisfying a judgment based upon his own delinquency, could thereupon recover the amount from the party for whose benefit the judgment was recovered. The statement of the proposition carries with it its refutation.
Upon the whole it is very questionable whether there is any such relation between complainant and the county of Lee as would enable him to maintain a suit against the latter. The statute authorizes motions in the name of the county, and under certaiu circumstances, in the name of creditors against the high sheriff’, for a failure to collect and pay over the levies ; but no such motion can be made against the deputy. He is not responsible to the county or to its creditor ; he is neither an officer nor an agent of the county; there is no privity between them. Whatever transactions the deputy may have with the county must be in the name of his principal; whatever remedy he would assert against it, must be also in the name of his principal. Any other rule would produce endless confusion, and impose upon counties liabilities incompatible with public interests, and the whole spirit and scope of our legislation.
Dor these reasons, I am of opinion the decree of the court below should be reversed, and a decree now rendered dismissing the bill with costs.
The other judges concurred in the opinion of Staples, J.
Decree reversed.